## FRAU v. CANALS.

### APPEAL from the District Court of Arecibo.

No. 150.—Decided February 26, 1905.

PROVISIONAL MAINTENANCE—PAYMENT OF THE INSTALMENTS—COMPULSORY PROCEEDINGS AGAINST THE PROPERTY.—A party ordered to provide provisional maintenance must pay the instalments on the days stated in the order, otherwise payment will be enforced in accordance with the procedure established in proceedings supplementary to execution.

ID.—COMPULSORY PROCEEDINGS AGAINST THE PERSON.—Compulsory proceedings against the property of the debtor being expressly established by law to com-

pel the payment of the provisional maintenance, it is not optional with the parties to abandon this proceeding for compulsory proceedings against the person of the debtor, the latter proceeding not being authorized by the laws in force in this Island.

INTERPRETATION OF LAWS—LAWS—LAW OF DIVORCE.—Although the law of divorce in this Island should be interpreted and applied in accordance with the American practice, this should be understood as supplementary law to be resorted to only in the cases in which it is sought to understand and apply a law of American origin, the literal context of which is not sufficiently clear or explicit; but this doctrine is not applicable when it is sought simply to decide the procedure in an incidental issue concerning which the law of procedure is clear and presents no doubt or difficulties whatever.

ID.—CONTEMPT—FAILURE TO PAY THE MAINTENANCE ALLOWANCE.—The aforesaid doctrine is not in opposition to the power inherent in all courts to punish contempts against their authority when said contempts are so gross as to be akin to crime, but this is not the case where a husband fails to pay to his wife the provisional maintenance which he has been ordered to pay, and who, far from disobeying or obstinately resisting compliance with the order, submits to the compulsory proceedings against his property and makes no resistance to the orders against him issued at the instance of the adverse party.

COSTS.—The costs of the compulsory proceedings should be taxed to the party against whom the compulsory proceedings are directed, except those originating from incidental issues during the trial, which should be taxed in accordance with the law in effect at the time when such incidental issues were heard and decided.

## STATEMENT OF THE CASE.

This is a declaratory action of greater import prosecuted before the former District Court of Arecibo by Emilia Frau y Vázquez, represented by her counsel, Elpidio de los Santos y Laguardia, as plaintiff, and Pedro A. Canals, represented by his counsel, Antonio Suliveres, as defendant, for divorce, and an incidental issue raised for the purpose of securing payment of provisional maintenance. The proceedings come before us on an appeal, taken by counsel for the defendant, from an order of November 14, 1903, denying a reconsideration, prayed for by the same party, of a concordant order entered on the 27th of the preceding month, which directed that Pedro A. Canals should be required to deposit within a period of thirty days to the credit of Emilia Frau y Vázquez the sum of 600 *pesos,* representing twelve monthly installments for provisional maintenance which he owed for the months of

November, 1902, to October 31, 1903, inclusive, being admonished that he would be prosecuted for contempt if he failed to do so.

Emilia Frau y Vázquez brought an action for divorce against her husband, Pedro A. Canals, in the former District Court of Arecibo, in February, 1901. The plaintiff prayed in the complaint that she be awarded a monthly sum for provisional maintenance, which was granted by order of the 23d of said month of February, in accordance with Rule 21 of General Orders of the Department of Justice of March 17, 1899. The monthly allowance was fixed at 50 *pesos* per month, payable in advance, for the provisional support of the plaintiff, and the defendant was directed to make the deposit immediately, under penalty of compulsory proceedings. An order was issued to make a cautionary notice of the action for divorce in the registry of property with respect to all the property recorded in the name of the defendant, said notice to be effective until the final conclusion of the proceedings.

The defendant was called upon to deposit the first monthly installment on the following second of March, and as he failed to do so the plaintiff requested and the court directed, by order of the seventh day of March, the institution of compulsory proceedings against the property of the defendant for the purpose of securing payment of the first installment due and not paid. The attachment was later extended at the petition of said party plaintiff on July 3 of the same year, to the sum of $600, and the attachment was subsequently levied, also at the request of the said party plaintiff, upon the crops harvested and other products of an estate called "La Esperanza," designated by the plaintiff as of the property of her husband, Pedro A. Canals, the defendant.

At this stage of the proceedings, on August 2d of the following year, counsel for the plaintiff petitioned the court to issue a certified copy of the order granting her provisional maintenance, for the purpose, he said, of filing complaints

in intervention of better right against the other creditors of her husband, who were prosecuting different execution proceedings against his property. This petition was granted, and on the 7th of the said month of August the certification requested was issued, without the result of the interventions being shown. On October 9th, following, counsel for the plaintiff filed a new petition to the effect that in view of the fact that two years and a half had passed since the court had ordered the payment to his client by Pedro A. Canals of the monthly allowance of $50 for her support, and that none of the said installments had as yet been paid, said defendant, Pedro A. Canals, be called upon to comply with the order of the court, without excuse or pretext, and that he be warned that if within such period, not subject to extension which it might be seen fit to set, he failed to deposit the installments due for nineteen months of the provisional maintenance which he owed, at the rate of $50 per month, beginning with the month of March, 1901, to the month of October, 1903, proceedings would be instituted as prescribed by the fifth subdivision of section 145 of the Penal Code in force, because the obstinate refusal on the part of Mr. Canals to comply with the said order of payment was evident; it was also requested that the demand should be extended, under the same warning, for the deposit of all the costs of the proceedings. Upon the ratification of this petition by Emilia Frau, the court made an order on October 27, 1903, which literally reads as follows:

"Arecibo, October 27, 1903.—In the action for divorce brought in this court by Emilia Frau y Vázquez against her husband, Pedro A. Canals, the court, by order of February 23, 1901, assigned to the plaintiff the sum of 50 *pesos* per month, payable in advance, for provisional maintenance. On March 3, 1901, the defendant was called upon to make payment of such sums, and by order of September 2, 1901, made on petition of the party plaintiff, a separate record was ordered to be made of the proceedings for the recovery of the payments for provisional maintenance.

"On October 9 and 13, 1903, Attorney Elpidio de los Santos, appearing on behalf of the plaintiff, filed a petition to the effect that during the thirty-two months which had passed from March, 1901, to October, 1903, the defendant, Pedro A. Canals, had not paid any of the said installments of 50 *pesos,* and he prayed the court to require Mr. Canals to deposit with the court, within such period as the court might see fit to fix, and which should not be extended, the thirty-two monthly installments for provisional maintenance owed by him at the rate of 50 *pesos* per month, with the costs of these proceedings, and to warn him that he would be prosecuted for contempt, as the obstinate refusal of Mr. Canals to obey the repeated order of payment made by this court was evident."

These petitions of counsel were ratified under oath by the plaintiff, Mrs. Frau, on the 26th instant.

"The Supreme Court of Porto Rico has on a number of occasions announced the principle that in the construction and application of the divorce laws of Porto Rico recourse should be had to the jurisprudence of the United States, and in its opinion of February 20, 1902, in the action for divorce brought by María del Carmen Marimon against her husband, Francisco Pelegrí, it was held that when the Congress of the United States gave to Porto Rico a system of laws relating to marriage and divorce, in many respects in absolute conflict with the laws in force in the Island at the time of the signature of the Treaty of Paris, it was clearly the intention that such laws should resemble in theory and practice the laws in force in the United States, and that they should be applied and enforced in accordance with American principles of jurisprudence and construed in the same manner.

"For this reason the court is not confined to the procedure established in the Law of Civil Procedure in enforcing payment of the allowance for support, but it may choose between such law and the mode of procedure established by the jurisprudence of the different States of the Union.

"In American jurisprudence the most usual manner of enforcing the payment of alimony is by means of proceedings for contempt, as stated by Bishop, an authority on this subject, in section 1092 of volume 2 of his work on Marriage, Divorce and Separation, and this is also deduced from the numerous opinions cited in said section.

"Unless the cause of delay in the collection is explained, the courts

do not generally enforce payment by this method of sums due for more than one year, according to the same author, section 1098, id.

"In the present case this method is especially applicable, because the records of the actions between these parties clearly show the intention of the defendant, Canals, to resist and evade the order of the court and at any cost to avoid the payment of the monthly installments which he owes his wife.

"Pedro A. Canals is ordered to appear within thirty days in this court and deposit to the credit of his wife, Emilia Frau y Vázquez, the sum of 600 pesos, corresponding to the twelve monthly installments which he owes for the months from November 1, 1902, to October 31, 1903, for provisional support, and warned that he will be adjudged in contempt if he fails to do so. The proper order is hereby directed to be issued to the Municipal Judge of Lares.—Ordered and signed by the justices of the court, to which I certify. Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich, José E. Figueras."

Counsel for Pedro A. Canals filed a motion praying for a reconsideration of the foregoing order, and in the proceedings a hearing was given to the adverse party, who objected to the reconsideration prayed for, and an order was made on November 14th, following, denying the said motion on the following findings of fact and conclusions of law:

"Arecibo, November 14, 1903.—By an order of this court, made on October 27, last, the court directed, on petition of Emilia Frau y Vázquez, the plaintiff in an action for divorce, of which this record constitutes an incidental issue, that Pedro A. Canals deposit within a period of thirty days the sum of 600 pesos, being the twelve monthly installments which he owes his wife for provisional maintenance for the months from November 1, 1902, to October 31, 1903, under the penalty of being adjudged in contempt should he fail so to do.

"On November 3, Attorney Antonio Suliveres filed a lengthy petition praying for a reconsideration of this order on behalf of Pedro A. Canals, alleging in support thereof, as principal points, that the incidental complaint praying for provisional maintenance does not form an integral part of the law of divorce; that American jurisprudence cannot be applied to repeal laws; that to adjudge in contempt one who does not pay provisional maintenance is equivalent to imprisonment for debt; and that Canals is a poor man and cannot pay;

and he moved for a reconsideration of said order and the withdrawal of the warning that Canals would be adjudged in contempt if he failed to pay the 600 *pesos* representing the last twelve months of the allowance for provisional maintenance. Attorney Elpidio de los Santos, on behalf of Emilia Frau, in opposition to the motion, contested the allegations of the defendant and prayed the court to deny the said motion, and that the order be declared final. Reproducing the conclusions contained in the decision of October 27 last, and considering that in the aforesaid opinion of February 20, 1902, in the suit for divorce brought by María del Carmen Marimon against her husband, Francisco Peregrí, the Supreme Court of Porto Rico announced the following doctrine: 'It must be admitted in principle that at the time of the change of one sovereignty for another, either by cession, conquest, or otherwise, the laws of the country conquered or ceded remain in force until they may be changed by the conquering country or the country to which the former may have been ceded, provided they be not incompatible or in contravention of the constitution, institutions or the purposes of the government of the new sovereignty. It is also a principle of international law, and *a fortiori* applicable to a conquered or ceded country, that whenever any laws of a foreign country are submitted to the consideration of the courts of a sovereign country to which the former belongs, they shall be construed in accordance with the institutions, spirit and jurisprudence of the latter, independently of the construction placed upon them by the courts of the foreign country. It is evident, and a different opinion cannot be maintained, that when the Congress of the United States gave to Porto Rico a system of laws governing marriage and divorce, which laws were in many respects in complete contradiction to the laws in force at the time of the treaty, it was clearly the intention that they should be assimilated in principle and application to those in force in the United States, and that they should be complied with and enforced in accordance with the principles established by American jurisprudence and subjected to construction thereunder. The district court holds that said section 8 of the Foraker Law repealed only certain sections of the Civil Code, and also some sections of the General Orders of March 17, 1899, for which reason the remaining sections of said code relating to marriage and divorce and the remaining sections of said general orders have continued in force, which presumption, although based on a well recognized legal principle, cannot be maintained in this case, because said code and general orders contain provisions whose sense and signification are similar to those repealed by the said act of Congress; and

if said provisions still in the text of the law were to remain in force they would prevent or be an obstacle to what is permitted by virtue of the sections repealed, leaving in force provisions contrary to the manifest and real intention of Congress, for which reason all the laws in contradiction to section 8 of the Foraker Law are, by implication and without any doubt whatever, absolutely repealed and abolished. It cannot be alleged that section 24 of the aforementioned general order does not refer exclusively to marriages, but includes divorces also, because whatever the reference thereto may be, this point has been completely elucidated.'

''The question of provisional maintenance during the course of proceedings for divorce is a matter very intimately connected with the law of divorce, and is a part of the system of laws governing marriage and divorce to which the Supreme Court refers; and if the law of procedure permits the question to be raised at the instance of a party as a separate issue, such provision is prompted only by the convenience of having all the records relating to one matter together, of not making the main record too voluminous, and of not obscuring the main questions at issue in the action.

''Any provision of law in conflict with the American jurisprudence on this point, by reason of its being included in section 8 of the Foraker Law, is repealed by implication, but in this case there is no such difference nor conflict between the two methods of enforcing payment of the alimony, the subsistence of one method being incompatible with the subsistence of the other, for which reason section 1614 of the Law of Civil Procedure remains in force; but at the same time another method is available to enforce payment, and the parties and the court may choose that method to enforce payment which is most in accordance with justice.

''To adjudge a person in contempt if he refuses to comply with the order of the court to pay alimony is not equivalent to imprisonment for debt, because punishment is never imposed on account of inability to pay, but on account of failure to pay when able to do so, thus showing a lack of respect for the order of the court, ignoring one's obligations to one's wife, and causing a real criminal disturbance.

''The defendant pleads merely that he is poor and cannot pay the 600 *pesos* required of him, which allegation the plaintiff denies. But his poverty is not established, if it be considered that demand was made upon Pedro A. Canals to pay the allowance for provisional maintenance as far back as March 2, 1901, and that is the first time he pleads poverty; that he has never throughout this time requested a

reduction in the amount fixed; that in the main action for divorce and the proceedings incidental thereto he has shown that he is a wealthy coffee grower of Lares; that he has prosecuted and is prosecuting a number of actions in this court, in none of which he has been declared a poor person, but, on the contrary, he employs good lawyers; that the charges alleged to encumber his estates are of quite a suspicious character; that in the proceedings brought against him by his wife his desire to avoid payment of alimony to his wife is evident, and that if an account were prepared of the large expense incurred by reason of this objection to the payment of such allowances it would be ascertained that they exceed what he should and could have paid in settlement of these allowances; on the contrary, there appears an obstinate intention on his part to disobey the mandate of the court and avoid the payment of the alimony he owes his wife.

"The motion for a reconsideration is denied, and the judgment of October 27 last is made final, with costs against the petitioner. Ordered and signed by the judges of the court, to which I certify.— Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich, José E. Figueras."

An appeal was taken from this order and the order of the 27th day of October previous by counsel for Pedro A. Canals, the defendant, which was allowed both for a stay and review of the proceedings. The parties were cited and summoned, the appellant entering an appearance, but not the respondent, notwithstanding the fact that he had been summoned in due time. The appeal having been duly perfected, a day was set for the hearing, at which counsel for the appellant only was present.

*Mr. Alvarez Nava,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

In accordance with the provisions of section 1614 of the former Law of Civil Procedure, in accordance with which this incidental issue was prosecuted, if the person adjudged to pay the provisional maintenance failed to do so on the day fixed in the judgment for such payment, payment might be enforced by the methods established for compulsory proceedings after

execution proceedings, the same method to be employed for subsequent installments when due.

An express provision of the Law of Civil Procedure, applicable to the case under consideration, establishes compulsory process against the property of the debtor for the payment of provisional maintenance as it becomes due, it is not optional with the parties to abandon the procedure established by the law of procedure for the purpose of prosecuting personal compulsory proceedings against the debtor. This practice, although followed in some courts of the United States in divorce cases, as a means to compel the husband to pay the alimony allowed the wife by the court during the course of the proceedings, has been discontinued in the courts of this Island since time immemorial, by the laws which abolished imprisonment for civil debts of any kind, and substituted compulsory proceedings against property which offers the creditor all desirable guarantees for the enforcement of the obligations imposed on the debtor by the judgment.

While the divorce law established in this Island, being of American origin, is to be construed and applied in accordance with American. practices, it should be considered as supplementary law in cases of obscurity or insufficiency of the law, as occurs in the case cited in the orders appealed from by the spouses Peregrí for divorce, in which the question discussed was whether section 8 of the law passed by Congress on April 12, 1900, for the government and civil administration of this Island, and for other purposes, commonly known as the Foraker Act, in so far as it provides that all persons legally married in Porto Rico should have all the rights and remedies conferred by law on persons who had contracted civil or religious marriages, did or did not apply to Spaniards residing in this Island who had contracted marriage according to the Catholic rite in Spain, where divorce *a vinculo matrimoni* is not recognized. This court, after carefully considering the

case, decided it affirmatively and granted the divorce, adopting American practices as supplementary law, as it was a question of the construction and application of a law of American origin, the literal context of which was not sufficiently clear and explicit. This doctrine while logically and naturally applicable to the case cited of the spouses Peregrí, is not applicable to the case at bar, which does not involve the construction of the divorce law upon a substántive point, but only the establishment of the method to be pursued in an issue incidental to an action for divorce for the enforcement of the payment of provisional maintenance allowed the wife, regarding which the law of procedure is clear and presents no difficulties or doubts of any kind whatsoever.

This doctrine is not in opposition to the power inherent in all courts of justice to punish disrespect for authority, when such acts partake of the real characteristics of a crime, which does not occur in this case, in which the only question involved is the execution of a judgment rendered in a civil action for divorce for the payment of an allowance for provisional maintenance made to the wife and for which execution the methods prescribed by the Law of Civil Procedure should be pursued, and by no means according to Criminal Procedure, because no act subject to criminal prosecution is present. This is especially so in view of the fact that it cannot be maintained that Pedro A. Canals, the defendant, has disobeyed or obstinately refused to comply with the terms of the judgment or order of the court, which adjudged him to pay, when, on the contrary, he submitted to the compulsory proceedings directed against his property, and has acquiesced in all the orders made, particularly on motion of the party plaintiff, for a record of the action for divorce against all the property appearing in the registry as owned by him to continue during the pendency of the action, and the attachment of property sufficient to cover the debt and costs. Hence, if the plaintiff has failed to collect her alimony it has not been due to a

refusal on the part of Pedro A. Canals to comply with the judgment of the court, but for other causes which it does not appear can be charged to him.

The costs of the compulsory proceedings are against the person against whom they were directed, with the exception of those incurred in the incidental issues which may arise in the same case, which the court must tax in accordance with the provisions of law in force in regard to costs at the time it heard and determined the incidental issue; that is to say, in accordance with section 63 of General Orders No. 118, according to which the costs must be taxed against the litigant whose claims are rejected *in toto* or otherwise the court must tax them according to equity.

In view of the legal provisions above cited, we adjudge that we should reverse, and do reverse, the orders appealed from of November 14, 1903, and the concordant order of the 27th of October previous, as to the warning decree against Pedro A. Canals, that he would be adjudged in contempt if he failed to deposit the sum ordered to the credit of his wife, leaving such orders appealed from in effect as to their other points, but not the understanding that there is no special taxation of costs beginning with the petition appearing at folio 65 and following, and without any special taxation in this second instance.

Justices Hernández, Figueras, MacLeary and Wolf concurred.